**MIDDLEBROOKS SHAPIRO, P.C.**
P.O. Box 1630
Belmar, New Jersey 07719-1630
(973) 218-6877
Jessica M. Minneci, Esq.
jminneci@middlebrooksshapiro.com
*Attorneys for the Chapter 13 Debtor,*
*Joshua E. Kelly*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Honorable Chrstine M. Gravelle |
| **JOSHUA E. KELY**, | Chapter 13 |
| Chapter 13 Debtor. | Case No. 23-15701-CMG |
| | Hearing Date: June 24, 2026 at 10:00 a.m. |

## DEBTOR'S OBJECTION TO CREDITOR'S MOTION TO DISGORGE EXEMPTION

The Debtor, Joshua E. Kelly (the "Debtor"), by and through the undersigned counsel, hereby submits this Objection to the Creditor's Motion to Disgorge Exemption (the "Motion"), and states as follows:

## PRELIMINARY STATEMENT

The Motion is procedurally improper and must be denied. The Debtor's exemption became final in 2023 when no timely objection was filed under Federal Rule of Bankruptcy Procedure 4003(b)(1). The Creditor's attempt, years later, to disgorge exempt proceeds is an impermissible collateral attack on a final exemption and prior Orders of this Court.

## BACKGROUND

1.      The Debtor filed a voluntary petition for relief under Chapter 13 on July 3, 2023. *See*, Docket No. 1.

2.      The Debtor properly filed schedules and claimed exemptions, including an exemption in real property proceeds. *See*, Id.

3.      The 341(a) meeting of creditors was concluded on August 3, 2023, and no objection to the Debtor's claimed exemptions was filed within the time prescribed by Fed. R. Bankr. P. 4003(b)(1). *See*, Docket No. 4.

4.      On August 21, 2023, a Notice of Appearance and Request for Service of Notice filed by Andre L. Kydala, Esq. on behalf of Creditor Nathaly Calles ("Creditor"). *See*, Docket No. 32.

5.      On September 11, 2023, Creditor filed Proof of Claim No. 18 to be filed with this Court. *See*, Proof of Claim No. 18.

6.      On October 19, 2023, this Court entered an Order granting limited relief from the automatic stay to permit the parties to proceed with matrimonial litigation in the New Jersey Superior Court. *See*, Docket No. 47.

7.      On December 20, 2023, this Court entered an Order expunging Proof of Claim No. 18 filed on behalf of Nathaly Calles. *See*, Docket No. 64.

8.      On March 3, 2026, this Court entered an Order Authorizing Sale, which recognized and preserved the Debtor's claimed exemption in the sale proceeds. *See*, Docket No. 120.

9.      The Creditor now seeks to disgorge the Debtor's exempt proceeds based on allegations arising from matrimonial disputes. *See*, Docket No. 128.

10.     The Standing Chapter 13 Trustee has objected to the Motion, noting that the Bankruptcy Court is not the proper forum for the relief sought. *See*, Docket No. 129.

**ARGUMENT**

11.     The Motion is time-barred under Rule 4003(b)(1). Specifically, Fed. R. Bankr. P. 4003(b)(1) requires that objections to exemptions be filed within 30 days after the conclusion of the 341(a) meeting or any amendment thereto. Fed. R. Bankr. P. 4003(b)(1).

12.     Here, the deadline to object to the Debtor's exemptions expired in 2023. Despite having notice of the bankruptcy proceedings and a full opportunity to assert its rights, the Creditor failed to object to the Debtor's exemptions and failed to preserve any allowable claim against the estate.

13.     The Creditor's Claim has been expunged and provides no basis for relief. The Creditor filed Proof of Claim No. 18 in this case, which was subsequently expunged by Order dated December 20, 2023 (*See*, Docket No. 64).

14.     Having had its claim disallowed, the Creditor cannot now seek recovery of exempt proceeds through an untimely Motion. The Creditor is improperly attempting to circumvent Rule 4003 and prior Orders of this Court.

15.     It is the Debtor's position that this Court is not the proper forum for matrimonial relief. The Court has already ruled, through its October 19, 2023 Order (*See*, Docket No. 47), that such matters are to proceed in state court.  The Standing Chapter 13 Trustee likewise asserts that this Court is not the proper forum for the relief sought.

16.     Moreover, upon information and belief, the Creditor failed to properly serve the Motion and did not file a certificate of service. On May 18, 2026, the Clerk's Office entered a Quality Control Message noting that a Local Form Certification of Service must be filed in accordance with the applicable service requirements. The Creditor's failure to comply with these procedural requirements provides an additional basis to deny the requested relief.

WHEREFORE, the Debtor respectfully requests that this Court Deny the Motion to Disgorge Exemption in its entirety; and Grant such other and further relief as the Court deems just and proper.

/s/ Jessica M. Minneci
Jessica M. Minneci, Esq.
*Attorneys for the Chapter 13 Debtor,*
*Joshua E. Kelly*